CHRISTINA A. JUMP (D.C. ID No. TX151)
    cjump@clcma.org
SAMIRA S. ELHOSARY (*pro hac vice* application pending)
    selhosary@clcma.org
ALYSSA F. MORRISON (D.C. ID No. TX0184)
    amorrison@clcma.org
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA**, a non-profit law center organized under Section 501(c)(3) of the Internal Revenue Code with its principal place of business at 100 N. Central Expy. Suite 1010, Richardson, Texas 75080,<br><br>*Plaintiff,*<br><br>vs.<br><br>**TERRORIST SCREENING CENTER**, located at 801 Follin Lane SE, Vienna, Virginia 22180,<br><br>*Defendant.* | CASE NO.:_____<br><br><br>CIVIL ACTION<br><br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS** |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS

Plaintiff Constitutional Law Center for Muslims in America ("CLCMA"), by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief and, in the alternative, Petition for Writ of Mandamus against Defendant Terrorist Screening Center ("TSC"). Plaintiff CLCMA presents the following factual background and claims for relief in support:

1

## I.  INTRODUCTION

Plaintiff CLCMA seeks a declaration from this Court that the inaction of Defendant TSC violates the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559. Plaintiff CLCMA asks this Court to enjoin Defendant TSC from withholding responsive records in violation of FOIA. In the alternative, Plaintiff CLCMA seeks a Writ of Mandamus from this Court, ordering Defendant TSC to comply with FOIA and APA requirements.

## II.  PARTIES

1. Plaintiff CLCMA is a non-profit law center organized under Section 501(c)(3) of the Internal Revenue Code. Founded in 2014, Plaintiff CLCMA provides pro bono representation in cases involving issues that affect the Muslim community.[1] As part of this representation, Plaintiff CLCMA submits numerous FOIA requests seeking information about federal agencies' participation and policies on the federal terrorist watchlist.

2. Defendant TSC is an agency of the United States created by a presidential directive "to consolidate the Government's approach to terrorism screening[.]"[2] The TSC maintains the

---

[1] *See generally Jibril v. Mayorkas*, 20 F.4th 804 (D.C. Cir. 2021) (holding that plaintiffs have standing to challenge their presumed watchlist status without the need to attempt travel again to prove their undisclosed status); *Ghedi v. Mayorkas*, 16 F.4th 456, 465 (5th Cir. 2021) (holding that the plaintiff alleged a plausible injury tied to the act of flying); *Maniar v. Wolf*, Civil Action No. 18-1362, 2020 U.S. Dist. LEXIS 64940 (D.D.C. April 10, 2020) (finding that information provided by the TSA was insufficient to determine whether the No Fly list violates due process); *In re Eberle v. Nielsen*, Case No. 1:19-cv-00486 (D.D.C. filed Feb. 26, 2019), at Dkt. 7, "Plaintiff's Motion for Voluntary Dismissal" at 2 (motioning for dismissal based solely on the government removing the plaintiff from the No Fly list subsequent to his bringing suit); *In re Maniar v. Nielsen*, Case No. 1:18-cv-01362 (D.D.C. filed June 7, 2018), at Dkt. 35, "Notice of Non-Suit and Voluntary Dismissal" at 1 (same).

[2] Homeland Security Presidential Directive-6: Directive on Integration and Use of Screening Information to Protect against Terrorism, 39 WEEKLY COMP. PRES. DOC. 1234 (Sept. 16, 2003) ("HSPD-6").

Terrorist Screening Dataset ("TSDS") and coordinates with national and international law enforcement to share information on suspected terrorists.[3] Upon information and belief, Defendant TSC has custody and control of the records that are the subject of this action.

### III. JURISDICTION AND VENUE

3. FOIA grants this Court both subject matter jurisdiction over this action and personal jurisdiction over the parties. 5 U.S.C. § 552(a)(4)(B).

4. This Court possesses federal question jurisdiction under 28 U.S.C. § 1331, mandamus jurisdiction under 28 U.S.C. § 1361, jurisdiction under the APA pursuant to 5 U.S.C. §§ 555(b) and 706(b), and the Declaratory Judgment Act pursuant to 28 U.S.C. § 2201.

5. Venue is appropriate in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides in relevant part that "the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records[.]"

### IV. STATEMENT OF FACTS

6. Plaintiff CLCMA alleges and incorporates all numbered paragraphs above.

7. President George W. Bush signed Homeland Security Presidential Directive-6 ("HSPD-6") on September 16, 2003, directing the Attorney General to create an organization that would consolidate the federal government's terrorist watchlists.[4]

---

[3] Formerly known as the Terrorist Screening Database ("TSDB"), the TSDS integrates data from different agencies so that Defendant TSC may respond in real time to inquiries. *See* U.S. DEP'T OF JUST., OFF. OF THE INSPECTOR GEN., AUDIT REP. 05-27, REVIEW OF THE TERRORIST SCREENING CENTER (2005) ("Review of the TSC") at v.

[4] *See* HSPD-6, *supra* note 2 ("The Attorney General shall establish an organization[.]").

8. That same day, the Attorney General, Secretary of Homeland Security, Secretary of State, and Director of the Central Intelligence Agency signed a Memorandum of Understanding to set up the new organization, the Terrorist Screening Center.[5]

9. The Attorney General appointed a Director of the TSC and three Deputy Directors.

10. Defendant TSC operates in all ways as a federal agency, equivalent to those agencies that recognize themselves as subject to FOIA and its requirements.

11. Defendant TSC maintains the TSDS, with sole authority to edit, add, or remove records based on its analysts' evaluation of intelligence information.

12. Defendant TSC operates a 24/7 call center to assist other federal agencies when encountering someone on the TSDS.

13. Defendant TSC maintains a permanent staff to operate the call center and respond to inquiries.

14. When an agency contacts Defendant TSC with an inquiry, the TSC representative evaluates the information available on the individual in question and directs the agency on its next steps.[6]

15. The Director of the TSC provides testimony to Congress on topics such as transportation and homeland security, safeguarding civil liberties, and the function of the TSDS.

16. FOIA requires federal agencies to proactively release specified records and respond to statutorily adequate requests for agency records.

17. FOIA defines the term "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the

---

[5] *See Jibril v. Mayorkas*, Case No. 1:19-cv-04457 (D.D.C. filed Aug. 13, 2019), at Dkt. 20-2, "Overview of the U.S. Government's Watchlisting Process and Procedures, as of: September 2020" ("Overview of Watchlisting") at 1 (explaining that the TSC manages the TSDS).
[6] *See* Review of the TSC, *supra* note 3, at ix-x.

18. FOIA incorporates the APA's definition of an agency as "each authority of the Government of the United States, whether or not it is within or subject to the review by another agency[.]" 5 U.S.C. § 551(1).

19. Each agency must affirmatively make available to the public its procedures, policies, and "administrative staff manuals and instructions to staff that affect a member of the public." 5 U.S.C. §§ 552(a)(1), (2).

20. Upon receipt of a request, an agency must make available any responsive records in addition to those they must affirmatively publish, subject to any properly applied exemptions or exclusions. 5 U.S.C. §§ 552(a)(3)(A).

21. Plaintiff CLCMA submitted a request for records to Defendant TSC on January 26, 2022, through certified U.S. mail sent to the FBI Headquarters, the only publicly recognized contact address for Defendant TSC.

22. Tracking information shows that on February 4, 2022, a representative signed the certified mail receipt for the document on behalf of the FBI.[7]

23. Upon information and belief, Defendant TSC operates in a building at 801 Follin Lane SE, Vienna, Virginia.[8]

24. Plaintiff CLCMA's FOIA request seeks records from Defendant TSC regarding its policies, practices, and role in the terrorist watchlisting system, including participation and policies

---

[7] Richard Stuart signed for receipt of the request on behalf of the FBI.

[8] *See* An Act to designate the building occupied by the Federal Bureau of Investigation located at 801 Follin Lane, Vienna, Virginia, as the "Michael D. Resnick Terrorist Screening Center," Pub. L. No. 113-249 (2014).

5

executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1).

regarding the Watchlisting Advisory Council, known or suspected terrorist encounter analysis procedures, the Transnational Organized Crime watchlist, foreign government access to the TSDS, and private entity access to the TSDS.[9]

25. Other than signing the certified mail receipt, Defendant TSC has done nothing to acknowledge receipt of Plaintiff CLCMA's FOIA request.

26. Plaintiff CLCMA's request now remains pending with Defendant TSC far beyond the twenty working day timeframe mandated by FOIA for responses. 5 U.S.C. § 552(a)(6)(A)(i).

27. Plaintiff CLCMA's request remains pending with Defendant TSC far beyond the additional ten working day extension allowed for responses in unusual circumstances. 5 U.S.C. § 552(a)(6)(B)(i).

28. As of filing this Complaint, the request had been pending for 176 working days.

29. Defendant TSC publishes no rules governing the "time, place, fees (if any), and procedures to be followed" to submit FOIA requests to the TSC, as required by statute. 5 U.S.C. § 552(a)(3)(A).

30. Defendant TSC communicated no intent to respond to Plaintiff CLCMA's request, as required by statute. 5 U.S.C. § 552(a)(6)(A)(i).

31. Defendant TSC requested no extensions of time to process Plaintiff CLCMA's request, provided no estimated completion date, and provided Plaintiff CLCMA with no opportunity to narrow its request if needed, as required by statute. 5 U.S.C. § 552(a)(6)(B)(ii).

32. Defendant TSC provides no contact information for a FOIA Public Liaison, as required by statute. 5 U.S.C. §§ 552 (b)(6)(A)(i), (b)(6)(B)(ii), and (j)(1)(H).

---

[9] *See* Exhibit A.

33. To date, Defendant TSC provided Plaintiff CLCMA no response to the request submitted on January 26, 2022, and received on February 4, 2022.

34. Plaintiff CLCMA exhausted all applicable administrative remedies available to FOIA requesters, because Defendant TSC has not responded to Plaintiff CLCMA's request within the time allotted by statute. 5 U.S.C. § 552(a)(6)(C)(i).

## V.   CAUSES OF ACTION

**Count I: Violation of FOIA – Unreasonable Agency Delay**

35. Plaintiff CLCMA alleges and incorporates by reference all numbered paragraphs above.

36. Defendant TSC is an agency subject to FOIA and its requirements, as described above. 5 U.S.C. § 552(f)(1).

37. An agency subject to FOIA and its requirements must determine within twenty working days whether it will comply with a request and inform the requester of its decision. 5 U.S.C. § 552(a)(6)(A)(i).

38. If the requested records exist, an agency must make them promptly available, subject to enumerated exemptions and exclusions. 5 U.S.C. § 552(a)(3)(A).

39. If no responsive records exist, an agency must so state. 5 U.S.C. § 552(a)(6)(A)(i).

40. Defendant TSC has not responded, in any form, to Plaintiff CLCMA's FOIA request in the past 176 working days.

41. Defendant TSC's actions violate the requirements of FOIA because it failed to respond timely to Plaintiff CLCMA's FOIA request. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i).

42. Plaintiff CLCMA has constructively exhausted all applicable administrative remedies available to requesters under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

43. FOIA deems requesters to have exhausted their administrative remedies when the agency does not "comply with the applicable time limit provisions" of the statute. 5 U.S.C. § 552(a)(6)(C)(i).

44. Plaintiff CLCMA is entitled to declaratory and injunctive relief and an order instructing Defendant TSC to process and respond to Plaintiff CLCMA's FOIA request, and enjoining Defendant TSC from withholding responsive records.

**Count II: Violation of FOIA – Wrongful Withholding of Non-Exempt Records**

45. Plaintiff CLCMA alleges and incorporates by reference all numbered paragraphs above.

46. Upon information and belief, Defendant TSC possesses and controls records responsive to Plaintiff CLCMA's request.

47. Defendant TSC must release all responsive, non-exempt records to Plaintiff CLCMA.

48. Agencies subject to FOIA and its requirements bear the burden to provide sufficient justification for all withholdings with specific references to FOIA's applicable exemptions.

49. Agencies subject to FOIA and its requirements must provide all reasonably segregable portions of otherwise exempt records.

50. Defendant TSC has unlawfully withheld responsive records.

51. By failing to respond to Plaintiff CLCMA's request, Defendant TSC also fails to justify its withholding of responsive records.

52. Plaintiff CLCMA exhausted all applicable administrative remedies available under FOIA, because Defendant TSC has failed "to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

53. Plaintiff CLCMA is entitled to declaratory and injunctive relief and an order instructing Defendant TSC to justify its withholding of any responsive records, with specific references

to any applicable FOIA exemptions, and enjoining Defendant TSC from withholding responsive records.

**Count III: Violation of the APA – Agency Action Unlawfully Withheld**

54. Plaintiff CLCMA alleges and incorporates by reference all numbered paragraphs above.

55. Defendant TSC provided no response to Plaintiff CLCMA's FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).

56. Defendant TSC fails to make the requested records available to Plaintiff CLCMA, which constitutes agency action wrongfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

57. Defendant's failure to act adversely affects, aggrieves, and injures Plaintiff CLCMA.

58. By failing to make responsive records publicly available, Defendant TSC frustrates Plaintiff CLCMA's mission to protect guaranteed constitutional liberties, as Plaintiff CLCMA has no alternative means to obtain the information sought.

59. Plaintiff CLCMA exhausted all applicable administrative remedies, because FOIA considers a requester to have done so when an agency fails to comply with the statute's time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

60. Plaintiff CLCMA is entitled to declaratory and injunctive relief compelling Defendant TSC to respond to Plaintiff CLCMA's request for records, and enjoining Defendant TSC from withholding responsive records.

**Count IV: Petition for Writ of Mandamus**

61. Plaintiff CLCMA alleges and incorporates all numbered paragraphs above.

62. A petition for writ of mandamus is appropriate where a plaintiff demonstrates: (1) "a clear and indisputable right to relief;" (2) the government defendant has "a clear duty to act;" and (3) there is "no adequate alternative remedy" available to the plaintiff.[10]

63. Plaintiff CLCMA has a clear right under the plain language of FOIA to request records from Defendant TSC, as long as Plaintiff CLCMA reasonably describes the records sought. 5 U.S.C. § 552 (a)(3)(A).

64. Defendant TSC has a clear duty to act upon receipt of a request.

65. Defendant TSC must determine within twenty working days whether to respond to a request and communicate that decision to the requester. 5 U.S.C. § 552 (a)(6)(A)(i).

66. Defendant TSC must make records promptly available. 5 U.S.C. § 552 (a)(3)(A).

67. Defendant TSC must make reasonable efforts to search for records. 5 U.S.C. § 552 (a)(3)(B).

68. Under FOIA, a requester exhausts its administrative remedies when an agency fails to comply with the time limits of the statute. 5 U.S.C. § 552(a)(6)(C)(i).

69. Plaintiff CLCMA exhausted the administrative remedies available and has no adequate alternative remedy.

**Count V: Declaratory Judgment Act**

70. Plaintiff CLCMA alleges and incorporates all numbered paragraphs above.

71. Plaintiff CLCMA respectfully requests this Court declare that Defendant TSC's inaction violates the above-listed statutes pursuant to 28 U.S.C. §§ 2201-2202.[11]

---

[10] *Citizens for Resp. & Ethics in Wash. v. Trump*, 924 F.3d 602, 606 (D.C. Cir. 2019).

[11] Plaintiff CLCMA recognizes that declaratory relief is not a freestanding cause of action and instead is a remedy available; for clarity on the relief ultimately sought, Plaintiff CLCMA includes this relief as an enumerated cause of action.

**Count VI: Attorneys' Fees under FOIA or the Equal Access to Justice Act**

72. Plaintiff CLCMA alleges and incorporates all numbered paragraphs above.

73. FOIA permits courts to award reasonable attorney fees and costs if plaintiffs substantially prevail in the action. 5 U.S.C. § 552(a)(4)(E)(i).

74. Plaintiff CLCMA respectfully requests this Court grant fees and costs if this Court determines that Plaintiff CLCMA substantially prevails under FOIA.

75. The Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides for the award of costs and attorneys' fees to a prevailing party in litigation against the United States or one of its agencies.

76. To the extent this Court does not award fees under FOIA, Plaintiff CLCMA respectfully requests that this Court grant it costs and fees as provided by the EAJA.[12]

## VI. PRAYER FOR RELIEF

Plaintiff CLCMA prays for judgment in its favor and against Defendant TSC and respectfully requests this Court grant the following relief:

1. Declare that Defendant TSC's inaction violates FOIA;

2. Enjoin Defendant TSC from further delay in processing Plaintiff CLCMA's FOIA request;

3. Enjoin Defendant TSC from withholding non-exempt records responsive to Plaintiff CLCMA's FOIA request;

4. Issue a written finding that the circumstances surrounding the withholding raise questions about whether Agency personnel acted arbitrarily or capriciously concerning the withholding;

5. Declare that Defendant TSC's actions violate the APA;

---

[12] Plaintiff CLCMA recognizes that the award of attorneys' fees is also not a freestanding cause of action, nor can this Court determine an award before the conclusion of litigation. Plaintiff CLCMA includes this enumerated cause of action for clarity and preservation of the request.

6. In the alternative, grant Plaintiff CLCMA's Petition for Writ of Mandamus and compel Defendant TSC to respond to Plaintiff CLCMA's request for records;

7. Retain jurisdiction during the processing of Plaintiff CLCMA's request, to ensure compliance with this Court's orders;

8. Award Plaintiff CLCMA its costs and reasonable fees incurred in this action pursuant to FOIA or, in the alternative, the EAJA; and

9. Grant such other relief as this Court may deem just and proper.

Respectfully submitted this 18th day of October, 2022.

/s/ *Christina A. Jump*
Christina A. Jump
(D.C. ID No. TX151)
Samira S. Elhosary
(*pro hac vice* application pending)
Alyssa F. Morrison
(D.C. ID No. TX0184)
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
amorrison@clcma.org