UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TERRORIST SCREENING CENTER, <br><br> Defendant. | Civil Action No. 22-3178 (JMC) |
| CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 23-1573 (JMC) <br> (Consolidated) |

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE THEIR <u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Federal Rule of Civil Procedure 6(b), Defendant the Terrorist Screening Center ("TSC") (a subcomponent of the Federal Bureau of Investigation ("FBI")) and Defendant the Federal Bureau of Investigation (collectively, the "Defendants"), by and through undersigned counsel, respectfully move to extend their deadline to file a motion for summary judgment. The Court, granting Defendants' prior motion to extension of time, set Defendants' summary judgment deadline for January 7, 2026. Min. Order, Dec. 1, 2025. Now, Defendants seek a thirty-day extension to February 6, 2026—and to correspondingly adjust all other deadlines as set forth in

the attached proposed order. Conferring under Local Civil Rule 7(m), Plaintiff has courteously agreed not to oppose to the relief sought by this motion. The grounds for this motion are as follows.

## BACKGROUND

This case involves two consolidated cases brought under the FOIA concerning records of the FBI and the Terrorist Screening Center ("TSC"): *Constitutional Law Center For Muslims In America v. Terrorist Screening Center*, Civ. A. No. 22-3178 (JMC) (the "First Action" or "22-3178") and *Constitutional Law Center For Muslims In America v. Federal Bureau of Investigations*, Civ. A. No. 23-1573 (JMC) (the "Second Action" or "23-1573"). Each case has its own six-count complaint with extensive allegations. The Court granted Defendants' motion to consolidate both cases on August 25, 2023. Min. Order, Aug. 25, 2023. The Court found that both cases "implicate common legal issues and authorities; involve substantially similar facts, claims, allegations, defenses, and procedural postures; that consolidation would not prejudice the Parties; and that judicial resources would be conserved by consolidating the cases." *Id.*

Plaintiff's FOIA Request in the First Action seeks *over ten years of records* relating to "TSC's policies, practices, and role in the terrorist watchlisting system . . . . from January 1, 2012 to the day this request is processed[.]" *See* First Action, 22-3178, First FOIA Request at 1 (ECF No. 1-2). In particular, it sought records of the "Watchlisting Advisory Council," the "Known or Suspected Terrorist [ ] Encounter Analysis"—including training materials and data, the "Transnational Organized Crime [ ] Watchlist," any "Foreign Government Access"—including "[a]ny document(s) that list the number or names of foreign government entities that have access to the Terrorist Screening Database" along with "policies or procedures that foreign government entities must follow to gain access" and maintain "continued access," and any "Private Entity Access"—including "[a]ny document(s) that list the number or names of private entities that have

access to the [Terrorist Screening Database]" along with "policies or procedures that private entities must follow to gain access" and "maintain "continued access." *Id.* at 1-2.

Plaintiff's Second Request seeks virtually identical records as the First Request. *See* Second Action, 23-1573, Second FOIA Request at 1 (ECF No. 1-1). There are only two differences. The Second Request is directed at FBI seeking FBI's records. And the timeframes differ greatly. The Second Request seeks *over twenty years* of records—seeking records from January 1, 2001, to the date of processing the request. *Id.*

In the First Action, 22-3178, Plaintiff filed a six-count complaint, naming the TSC as the Defendant on October 18, 2022. *See* 1st Action Compl. (ECF No. 1). (The TSC—as will be further explained in Defendants' forthcoming motion for summary judgment—is a sub-component of FBI whose records are processed and produced by FBI under the FOIA and its implementing regulations.) Count I alleges violation of the FOIA because the TSC did not respond to Plaintiff's FOIA request within the timeline required by the statute. Compl. ¶¶ 35–44 (ECF No. 1, Civ. A. No. 22-3178). Count II alleges violation of the FOIA due to TSC's failure to produce responsive, non-exempt records. *Id.* ¶¶ 45–53. Count III alleges violation of the Administrative Procedure Act under 5 U.S.C. § 706(1) for agency action wrongfully withheld or unreasonably delayed due to alleged failure to produce responsive records. *Id.* ¶¶ 54–60. Count IV seeks a petition for a writ of mandamus due to alleged failure to produce responsive records. *Id.* ¶¶ 61–69. Count V is brought under the Declaratory Judgment Act, requesting that the "Court declare that Defendant TSC's inaction violates the above-listed statutes pursuant to 28 U.S.C. §§ 2201-2202." *Id.* ¶¶ 70-71. Despite pleading Count V as a separate cause of action, Plaintiff acknowledges that this is not a freestanding cause of action: "Plaintiff CLCMA recognizes that declaratory relief is not a freestanding cause of action and instead is a remedy available; for clarity on the relief ultimately

sought, Plaintiff CLCMA includes this relief as an enumerated cause of action." *Id.* ¶ 71 n.11. Count VI seeks attorneys' fees and costs under the FOIA or alternatively, the Equal Access to Justice Act if it substantially prevails. *Id.* ¶¶ 72-76. Despite pleading Count VI as a separate cause of action, Plaintiff acknowledges that this is not a freestanding cause of action: "Plaintiff CLCMA recognizes that the award of attorneys' fees is also not a freestanding cause of action, nor can this Court determine an award before the conclusion of litigation. Plaintiff CLCMA includes this enumerated cause of action for clarity and preservation of the request." *Id.* ¶ 76 n.12.

In the Second Action, 23-1573, Plaintiff also filed a six-count complaint. *See* 2d Action Compl. (ECF No. 1). While the complaints are nearly identical, there are two notable differences. While the First Action named the TSC as defendant, the Second Action names FBI as defendant and is based on the Second Request. In addition, Count II of the Second Action alleges a FOIA policy and practice claim. 2d Action Compl. ¶¶ 59–66. *See Payne Enters., Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988). Plaintiff alleges "[u]pon information and belief, Defendant FBI's actions regularly violate FOIA's procedural requirements by consistently failing to respond to requests within the statute's required timeframes or any reasonable period." 2d Action Compl. ¶ 60. Plaintiff alleges harm from this delay and that it "foresees submitting future FOIA requests to Defendant FBI." *Id.* ¶¶ 63, 65-66. As related relief, Plaintiff asks the Court to "[d]eclare that Defendant FBI's current request processing system violates FOIA" and "[e]njoin Defendant FBI from further delay in processing Plaintiff CLCMA's FOIA request." *Id.* at 13 ¶¶ 1-2 (Prayer for Relief).

Defendants have produced extensive responsive, non-exempt records, detailed in numerous joint status reports. During this litigation, Defendants have denied and continue to deny Plaintiff's entitlement to any further relief under the twelve counts of its two complaints.

The Parties are currently on a summary judgment briefing schedule. *See* Min. Order Dec. 1, 2025.

**ARGUMENT**

Defendants respectfully submit that there is good cause for the requested extension.

First, Defendants made productive use of the extension previously provided by the Court. The parties agreed to narrow the issues in dispute as to redactions and withholdings of records under the FOIA. Once Defendants' draft *Vaughn* index was ready, Defendants shared this with Plaintiff on January 2, 2026. On January 5, 2026, Plaintiff agreed to narrow the issues in dispute, as communicated by email through counsel: "As for the withholdings pursuant to FOIA Exemptions, after review of the draft *Vaughn* (thank you for sharing that), we will not challenge the withholdings pursuant to Exemptions 3, 6 & 7(C), 7(D), and the category listed as 7(E)-3." The parties also conferred on but ultimately did not reach agreement on two more issues: (1) whether the TSC has obligations under the FOIA separate and apart from the FBI's processing of the TSC's records and (2) whether Plaintiff would agree to dismiss Count II of the Second Action that alleges a FOIA policy and practice claim against Defendant FBI. *See* 2d Action Compl. ¶¶ 59–66.

Second, Defendants have made significant progress preparing their supporting declarations but still need more time to finalize them all. Defendants anticipate submitting five declarations in support of their motion.[1] Two non-party agencies' declarations are complete. Significant progress has been made on two more non-party agencies' declarations, but edits required by the internal review process are ongoing. And Defendant FBI's declaration and the *Vaughn* index are nearly

---

[1]  Defendants do not at this time anticipate but reserve the right to file additional declarations, exhibits, and evidence in support of its positions.

complete, but both cannot be finalized through the required internal review process and signed until all non-party agencies' declarations are finalized and signed. These shutdown-caused delays in the completion of two of the non-party agency's declarations have necessarily pushed back Defendant FBI's completion of its declaration; that is because the FBI as Defendant ultimately must coordinate the explanation of exemptions to Plaintiff's FOIA request.

Third, as further detailed in the prior motion for extension of time, the historic government shutdown from October 1, 2025, through November 12, 2025, prevented and interfered with Defendants' preparations because the undersigned was furloughed, Defendant FBI counsel and FOIA staff were not permitted to work on this matter (including preparing a necessary declaration), and staff at two non-party agencies—which received consultation records in this matter—were prevented from preparing declarations in support of their withholdings and redactions. *See* ECF No. 35.

Fourth, compounded with the shutdown, according to the United States Attorney's Office's Civil Chief, who closely monitors the Office's incoming case volume, civil cases filed in the District against the United States, its agencies, and its officers in the recent past continue to approach or surpass all-time highs. Unsurprisingly, while a portion of these new cases are handled by other Department litigating components, this continued surge in new case filings against the United States in this District has overwhelmed the Office's already swollen civil intake, triage, and assignment queues. This has interfered with work on this case since the undersigned has been assigned more than a dozen new cases since the end of the shutdown—all of which have required review of their facts and procedural histories, coordination with the relevant agency, and responses to pressing deadlines. Some are newly filed cases and some are ongoing cases in active discovery.

Finally, some of the delay was caused by the intervening federal holidays of December 24 through 26, 2025, and January 1, 2026, and additional leave schedules of staff at Defendant FBI and the non-party consulting agencies.

This motion is filed in good faith, not for purposes of gaining any unfair advantage through delay, and is supported by good cause. This is Defendants' third request for an extension to file a motion for summary judgment. Defendants propose to extend all corresponding deadlines on summary judgment briefing in this matter as suggested in the attached proposed order. Finally, it is not anticipated that granting this motion will unduly prejudice Plaintiff (indicated by Plaintiff's agreement not to oppose the relief sought by this motion) nor will it adversely affect this Court's orderly administration of this matter. Indeed, an extension will ensure that Defendants are able to provide all the relevant factual materials so that the Court's decision is based on a complete record.

For these reasons, Defendants respectfully request that the Court extend the time for Defendants to file a motion for summary judgment by thirty days, through February 6, 2026, and for the Court to adjust the remaining deadlines as set forth in the attached proposed order.

Dated: January 7, 2026
       Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____/s/ Mason D. Bracken_____
MASON D. BRACKEN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRORIST SCREENING CENTER,<br><br>Defendant. | Civil Action No. 22-3178 (JMC) |
| CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 23-1573 (JMC)<br>(Consolidated) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the Defendants' Unopposed Motion for Extension of Time to file Their Motion for Summary Judgment, and for good cause shown, it is hereby:

ORDERED that the motion is GRANTED. It is further ORDERED that the due date for Defendants' motion for summary judgment is extended from January 7, 2026, until February 6, 2026, that Plaintiff's opposition is now due March 9, 2026, and that Defendants' reply is now due March 30, 2026.

SIGNED:

_____                    _____
Date                                       United States District Judge